**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **THE MITCHELL COMPANY, INC.,** | ) |
| **Plaintiff** | ) |
| **v.** | ) |
| | ) |
| | ) |
| **JOSEPH J. CAMPUS, III,** | ) |
| **EDSEL F. MATTHEWS, JR. and** | |
| **JAMES YOUNG** | ) |
| **Defendant.** | ) |

**Civil Action No. 07-0177-KD-C**

**ORDER**

This matter is before the Court on the following: defendant Edsel F. Matthews, Jr.'s,

motion to dismiss first amended complaint, or in the alternative, motion for a more definite

statement (doc. 45) and brief in support (doc. 46), filed September 18, 2007; defendant Joseph J.

Campus, III's motion to dismiss, or in the alternative, motion for more definite statement and

motion to strike (doc. 48)[1] and brief in support (doc. 49) filed September 18, 2007; defendant

James Young's motion to dismiss (doc. 50) filed September 18, 2007; plaintiff's brief in

opposition to defendants' motions to dismiss (doc. 60)[2] filed October 22, 2007; defendant

---

[1] Defendant Campus also moves the Court to strike, as "irrelevant and immaterial matters" certain references in Counts Twelve and Thirteen. As to Count Thirteen, the motion to strike is MOOT. As to Count Twelve, the motion to strike is DENIED as the Court is without sufficient information to determine whether the allegations are immaterial.

[2] Plaintiff has filed a combined response to the three defendants' individual motions to dismiss.

Campus's reply to plaintiff's opposition to motion to dismiss or more for more definite statement (doc. 63) filed November 2, 2007; defendant Matthew's response to plaintiff's opposition to defendants' motion to dismiss, motion for more definite statement and motion to strike (doc. 64), and defendant James Young, Jr.'s reply to plaintiff's response in opposition to motion to dismiss (doc. 65).  The motions have been fully briefed and are now ripe for the Court's consideration.

I.      Procedural History

        This action arises out of a series of real estate transactions involving plaintiff and defendants.  Plaintiff filed the instant action against defendant Joseph Campus on March 7, 2007.  (Doc. 1) Campus filed an answer to the complaint, along with a counterclaim against plaintiff, on April 9, 2007.  (Doc. 4) Campus filed an amended answer on April 10, 2007.  (Doc. 6) On July 30, 2007, plaintiff filed a motion to amend the complaint.  (Doc. 19) After no objection was filed, the Court granted the motion to amend and plaintiff filed a first amended complaint, adding as defendants James Young and Edsel Matthews.  (Doc. 19) On September 18, 2007, defendants Campus, Young and Matthews filed separate motions to dismiss the amended complaint.  (Docs. 45, 48, 40) On the same date, Campus filed an answer and counterclaim in response to the plaintiff's  amended complaint.  (Doc. 47)

        The amended complaint alleges, in sum, that the three defendants conspired to "flip" real estate to The Mitchell Company for a substantial personal profit."  (Doc. 29 at 9) Specifically, plaintiff, The Mitchell Company, alleges that defendant Joseph Campus obtained unlawful profits by having limited-liability companies that Campus and/or defendant James Young owned and controlled acquire real estate then recommending to his employer, The Mitchell Company, that it purchase the real estate, and then having the LLC's resell the real estate to The Mitchell

Company, at a significantly higher price than that at which Campus and Young's LLC's purchased it.  (Doc. 29 at ¶¶ 2, 7, 12-13, 17, 20) Plaintiff also alleges that Young participated in this scheme and profited from it (Id. at ¶¶ 9, 12-13, 19).  Plaintiff further alleges that Edsel Matthews, The Mitchell Company's attorney, assisted Campus and Young in forming the LLC's, acted as their registered agent, and then represented both the LLC's and The Mitchell Company at the real-estate closings without disclosing either his relationship to the LLCs or Campus's interest in the transactions to plaintiff to whom Matthews owed the fiduciary duties of a lawyer to his client (Id. at ¶¶ 2, 4, 8, 12-13, 18).

The first amended complaint contains the following specific claims against defendants: Count One: Misrepresentation and suppression against Campus and Matthews, and conspiracy by Campus, Matthews and Young to commit fraud; Count Two: Negligent or mistaken misrepresentation or suppression against Campus and Matthews, and conspiracy by Campus, Matthews and Young to engage in such conduct; Count Three: Suppression against Campus and Matthews; Count Four: Breach of fiduciary duty against Campus and Matthews; Count Five: Negligence against Campus and Matthews; Count Six: Wantonness against Campus and Matthews; Count Seven: Civil conspiracy against Campus, Matthews and Young; Count Eight: Conversion against Campus and Young; Count Nine: Officer and director's liability against Campus; Count Ten: Professional negligence against Matthews; Count Eleven: Violation of Alabama Trade Secrets Act against Campus and Young; Count Twelve: Disgorgement against Campus, Matthews and Young, and Count Thirteen: Unjust enrichment against Campus, Matthews and Young.

II.    <u>Factual Background</u> [3]

Plaintiff, The Mitchell Company is engaged in the development of single family home projects, apartments, condominiums, office buildings and shopping centers in Alabama, Florida and Mississippi. (Doc. 29 at ¶ 16)

Defendant Campus was first employed by The Mitchell Company around 1990 as the head of the Single Family Home Division. (<u>Id</u>. at ¶ 17) Campus was also an officer and served as a member of the company's Board of Directors. (Id.) As part of his duties, Campus identified properties for purchase and made recommendation regarding these properties to The Mitchell Company's Board of Directors. (<u>Id</u>. at ¶ 7) Plaintiff alleges, in part, that Campus misrepresented or suppressed information that certain properties that were recommended for purchase were already owned by Campus and Young or some entity controlled by them and that The Mitchell Company, without knowing this fact, agreed to pay a sum in excess of the price paid by Campus and Young for the properties. (<u>Id</u>. at ¶ 2)

Defendant Matthews, an attorney licensed to practice in the State of Florida, was retained by plaintiff to represent it in certain real estate transactions. (Id. at ¶ 18) Plaintiff alleges that Matthews, while representing the interests of The Mitchell Company, also represented defendants Campus and Young, and served as the registered agent for the companies controlled

---

[3]   In resolving a motion to dismiss the court is bound to take as true the allegations contained in plaintiff's complaint. <u>Oxford Asset Management, Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) ("On a motion to dismiss, the plaintiff's factual allegations are accepted as true, however, legal conclusions masquerading as facts will not prevent dismissal) <u>e .g., Garfield v. NDC Health Corp.,</u> 466 F.3d 1255, 1261 (11th Cir.2006) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.")

by those defendants, without disclosing such representation to plaintiff.  (Id. at ¶ 2)

Defendant Young is a citizen and resident of Florida.  (Id. at ¶19; Doc. 73 at ¶ 9) Young provides the financing for the projects that Campus develops and sells.  (Id.) Plaintiff alleges, in sum, that Young partnered with Campus by buying the real estate in his name or through a formation of a corporate entity created by Matthews and then used information provided by Campus to "conspire with and participate in the purchase of the properties recommended by Defendant Campus to be purchased by the Mitchell Company."  (Id. at ¶ 9)

III.    Standard on Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted.  See FED. R. CIV. P. 12(b)(6).  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Rule 8(a)(2) [4] of the Federal Rules of Civil Procedure generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion.

---

[4] Fed. R. Civ. P. 8 provides, in pertinent part:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief....

Fed. R. Civ. P. 8(a)(2).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  Rather, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  Id. at 1965.  "The Court has instructed us that the rule . . . 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Watts v. Fla. Nat'l Univ., 495 F.3d 1289, 1295-96 (11th Cir., 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965).

    With this legal framework in mind, the Court now turns its focus to the specific arguments advanced by each of the defendants in their respective motions to dismiss.


IV.    Discussion[5]

_____

    [5] In their respective motions to dismiss defendants Campus, Young and Matthews argue that Florida law is applicable to plaintiff's claims.  Plaintiff does not address the choice of law issue in its opposition.
    A federal court sitting in diversity applies the forum state's choice of law principles in determining which state's substantive law applies. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941); O'Neal v. Kennamer, 958 F.2d 1044, 1046 (11th Cir. 1992). Therefore, Alabama choice of law principles govern. The choice of law principle applied in tort cases in Alabama has long been lex loci delicti. Fitts v. Minn. Mining & Manuf. Co., 581 So. 2d 819, 820 (Ala. 1991). "Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." Id. The allegations of the Amended Complaint, allege that the wrongs occurred in Florida.  Accordingly, the Court will

A.    *Defendant Joseph Campus' Motion to Dismiss*

Campus moves to dismiss the fraud claims contained in Counts One, Two and Three of the complaint, the conspiracy claim in Count Seven, the conversion claim in Count Eight, the misappropriation-of-trade-secrets claim in Count Eleven, and the disgorgement and unjust enrichment claims in Count Twelve and Thirteen.

*Fraud - Counts One, Two and Three*

Campus first argues that plaintiff has failed to allege fraud with the specificity required by Fed. R. Civ. P. 9(b)[6] and moves to dismiss Counts One, Two and Three on this basis.  (Doc. 49)

In opposition to the motion, plaintiff notes that Campus has filed an answer to the complaint, "[t]hus, the complaint was obviously sufficient for Campus to formulate a response." (Doc. 60 at 4)[7]  Further, plaintiff argues that the complaint specifically alleges what Campus misrepresented or suppressed.  (Id at 5)  Plaintiff further argues that the complaint specifically alleges the misrepresentations or suppressions by Campus.  (Id.)

Campus replies that "TMC's allegations regarding the price it paid for the properties do

_____

apply Florida law in resolving the motions to dismiss.

[6]  Fed. R. Civ. P. 9(b) states as follows:

> Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

[7]  In addition to filing a response to the initial complaint, Campus filed a seventy-five page (75) answer and counterclaim to the amended complaint.  Simultaneously therewith, he filed the instant motion to dismiss.

not show fraud", that TMC is a "sophisticated real estate company" and while it may now have

"buyer's remorse [ ] it does not have a claim for fraud."  (Doc. 63 at 3) Specifically, Campus

argues that plaintiff fails to allege any misrepresentations regarding the nature of the property or

that the sellers misrepresented the size, location, topography or purchase price of the properties.

(Doc. 49 at 7) Moreover, Campus argues that plaintiff has " 'lumped together' " defendants

Campus and Matthews and vaguely attributes the alleged fraudulent acts to both Defendants."

(Id. at 10)

 Count One of the first amended complaint alleges that defendants Campus and Matthews

"knowingly and/or willfully and/or recklessly "misrepresented various material facts to

plaintiffs, including (1) the purchase price of the properties at issue; (2) that the properties were

being purchased at the best and lowest price; (3) that the defendants Campus and Matthews had

no conflict of interest with regard to plaintiff and that they were working in plaintiff's best

interest.  (Id. at ¶ 26) Count One further alleges that defendants Matthews and Campus

"knowingly and/or willfully and/or recklessly" suppressed certain material facts from plaintiff,

including: (1) withholding information necessary for the plaintiff to make an informed decision;

(2) providing false or misleading information with the intent to encourage the plaintiff to invest

in certain properties;(3) "manipulat[ing] the affairs of the corporation to the Plaintiff's detriment

and in disregard of the standards of common decency and honesty, and (4) engaging in the

dissemination of false information and/or the concealment of material information from the

plaintiff .  (Id at ¶ 27) Further, Count One alleges that Campus, Matthews and Young conspired

to commit fraudulent acts in order to deceive Plaintiff.  (Id. at ¶ 28)   Count Two of the

complaint alleges negligent/mistaken fraud against defendants based on the allegations contained

in Count One.  (Id. at ¶¶ 33-35) Count Three alleges that defendants Campus and Matthews

concealed or failed to disclose certain material facts resulting in plaintiff paying more for the

properties than it should have.  (Id. at ¶ 39)

"Fraud" is generally defined as "(1) a knowing misrepresentation of the truth or

concealment of a material fact to induce another to act to his or her detriment; and (2) a

misrepresentation made recklessly without belief in its truth to induce another person to act."

Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 205 (Fla.2003).  Recently, in

Berg v. Capo, 2007 WL 3355631 (Fla.App. 3 Dist., November 14, 2007) (unpublished), the

court discussed how fraud may be established under Florida law:

> "Fraud may be established by either an intentional misrepresentation or omission
> of a material fact. Ward v. Atl. Sec. Bank, 777 So.2d 1144, 1146 (Fla. 3d DCA
> 2001). In Ward, this Court found that the fraud committed was based upon the
> omission of material facts, not misrepresentations by the bank's representative.
> Moreover, in Johnson v. Davis, 480 So.2d 625, 628 (Fla.1985), the Florida
> Supreme Court suggested that there really is no meaningful distinction between
> misrepresentations and non-disclosure of material facts, when it stated as follows:
>
> [W]here failure to disclose a material fact is calculated to induce a false belief, the
> distinction between concealment and affirmative representations is tenuous. Both
> proceed from the same motives and are attended with the same consequences;
> both are violative of the principles of fair dealing and good faith; both are
> calculated to produce the same result; and, in fact, both essentially have the same
> effect.

Id. at 4-5.

Taking plaintiffs' allegations as true, the Court finds that the allegations in the complaint

"...succeed[] in 'identifying facts that are suggestive enough to render [the element] plausible.'"

Watts v. Fla. Nat'l Univ., No. 05-13852, 2007 U.S. App.  WL 2331029, at *5 (11th Cir., Aug.

17, 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965) ;Grossman v.

Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.2000) ( "When considering a motion to

9

dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." )  Accordingly, defendant Campus' motion to dismiss Counts One, Two and Three of the amended complaint is DENIED.

*Conspiracy- Count Seven*

Campus next argues that allegations of conspiracy are grounded on fraud and thus must be pled with particularity.  (Doc. 63 at 9) Plaintiff responds that pleading standards in federal court are governed by federal law and there is no federal rule requiring specificity in pleading a conspiracy.  (Id. at 7)

Count Seven alleges, in sum,  that the defendants "implemented a scheme, course, and conspiracy of fraudulent acts in order to deceive plaintiff," (doc. 29 at ¶ 26-28) and "acted in concert, on multiple occasions, in order to accomplish a variety of illegal schemes, including but not limited to, multiple improper, illicit an illegal transactions, the overall scheme of which was recommending properties for purchase by The Mitchell Company which were overvalued to Plaintiff's detriment and hiding the true nature of the transactions in question."  (Id.  at ¶ 58) The complaint further alleges that "[d]efendant Young used the inside information provided by Defendant Campus to conspire with and participate in the purchase of the properties recommended by [d]efendant Campus to be purchased by The Mitchell Company" and that "[t]he [d]efendants conspired to 'flip' real estate to The Mitchell Company for a substantial personal profit" (Id. ¶ 9). It further alleges that "[d]efendant Young conspired with [d]efendant Matthews and Campus to acquire real estate they each knew the Mitchell Company would purchase based *on* Defendant Campus's inside knowledge of company trade secrets and

10

strategic information" (Id. at ¶ 19).

Under Florida law, the elements of civil conspiracy include the following: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to [the] plaintiff as a result of the acts performed pursuant to the conspiracy." Olson v. Johnson, 961 So.2d 356, 359 (Fla. 2nd DCA 2007), and Walters v. Blankenship, 931 So.2d 137, 140 (Fla. 5th DCA 2006).

The Court has previously found that plaintiff's fraud claims are sufficient to survive the pending motions to dismiss. Likewise, the Court concludes that at this stage of the litigation, and based on the standards set forth in Twombly, defendant Campus' motion to dismiss the civil conspiracy claim is DENIED.

*Conversion-Count Eight*

Campus moves to dismiss Count Eight of the complaint on the grounds that a claim for conversion may lie only where there is a specific identifiable property that was allegedly converted. (Doc. 63 at 10) Campus further argues that The Mitchell Company does not allege ownership or right to possession of the property it alleges was converted. (Id.) In opposition, plaintiff argues, generally, that the allegations are sufficient to meet the notice pleading requirements.

Count Eight alleges, in sum, that defendants Campus and Young "converted a substantial portion of the properties' value to their own economic advantage." (Doc. 29 at ¶ 62) The complaint also contains allegations that Campus and Young, or entities controlled by them, purchased these properties for the purpose of a "land flip."

Conversion is "an act of dominion wrongfully asserted over another's property inconsistent *with his ownership of it* " <u>Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc.</u>, 777 F.2d 1504, 1507 (11th Cir.1985) (per curiam) (quoting <u>Belford Trucking Co. v. Zagar</u>, 243 So.2d 646, 648 (Fla.Dist.Ct.App.1970)) (emphasis added) Thus, "conversion is an unauthorized act that deprives another of his property permanently or for an indefinite time." <u>Del Monte Fresh Produce Co. v. Dole Food Co., Inc.</u>, 136 F.Supp.2d 1271, 1294 (S.D.Fla.,2001).        Plaintiff does not allege any facts that "are suggestive" that plaintiff had a right to possession to any of the properties at issue in this litigation prior to its purchase of them from the defendants.  <u>See</u>  <u>Joseph v. Chanin</u>, 869 So.2d 738 (Fla. App. 4 Dist.,2004) ("[P]laintiff alleged the defendants committed a tortious act in Florida by converting funds <u>to which the plaintiff had a right of possession</u>.)  Rather, plaintiff alleges that defendants concealed the fact that they held an ownership interest in the properties prior to selling them to plaintiff for a profit.  The Court finds the allegations contained in Count Eight are insufficient to state a claim for conversion under Florida law.  Accordingly, defendant Campus' motion to dismiss Count Eight of the complaint is GRANTED.

*Violation of Trade Secrets-Count Eleven*

Campus argues that the complaint contains merely a "formulaic recitation" of the elements of this claim and is insufficient to withstand a motion to dismiss.  (Doc. 63 at 11) Campus contends that "[w]ithout clearly identifying what the trade secret is that Defendants allegedly misappropriated TMC does not allege the requisite elements of a claim for a trade secret violation."  (<u>Id.</u> at 12)  Campus further argues that plaintiff incorrectly cites to the

Alabama Trade Secrets law in its complaint.[8]

Plaintiff responds that this count is sufficiently plead.  Other than reciting again that the

allegations constitute a violation of Ala. Code §8-27-3 (1975)[9], plaintiff does not otherwise

_____

[8] Campus contends that Florida law also governs this claim and has submitted in support
the parties' confidentiality agreement which states that the laws of the State of Florida govern
trade secret claims.  (Doc. 49, Exhibit A, ¶ 4) ("Company Employee and Mitchell agree that this
Agreement shall be construed, enforced, and governed in all respects exclusively by the laws of
the State of Florida.")

Under Florida law, misappropriation of a trade secret is defined as follows:

(2) "Misappropriation" means:

(a) Acquisition of a trade secret of another by a person who knows or has reason
to know that the trade secret was acquired by improper means; or

(b) Disclosure or use of a trade secret of another without express or implied
consent by a person who:

1. Used improper means to acquire knowledge of the trade secret; or

2. At the time of disclosure or use, knew or had reason to know that her or his
knowledge of the trade secret was:

a. Derived from or through a person who had utilized improper means to acquire
it;

b. Acquired under circumstances giving rise to a duty to maintain its secrecy or
limit its use; or

c. Derived from or through a person who owed a duty to the person seeking relief
to maintain its secrecy or limit its use; ....

Fla. Stat.  § 688.002.

[9] Ala. Code Section 8-27-3, entitled "Misappropriation" states:

A person who discloses or uses the trade secret of another, without a privilege to
do so, is liable to the other for misappropriation of the trade secret if:

13

address defendant's argument that the claim should be pled under Florida law.  Accordingly, the Court presumes that plaintiff concedes that Florida law applies.

Count Eleven alleges, in part, that "[d]efendant Young conspired with [d]efendants Matthews and Campus to acquire real estate they knew The Mitchell Company would purchase based on [d]efendant Campus's inside knowledge of company trade secrets and strategic information" and that Young "used the inside information provided by [d]efendant Campus to conspire with and participate in the purchase of the properties recommended by [d]efendant Campus to be purchased by The Mitchell Company."  (Doc. 29 at ¶¶ 9, 19)

The allegations in Count Eleven, although pled under an Alabama statute, would preliminarily appear to allege the elements of a violation of the similar Florida statute.  Even so, the Court agrees with defendant that the claim is lacking sufficient factual support.  The plaintiff is given leave to amend the complaint to replead this claim under the applicable Florida law and to provide additional factual support including alleging the specific trade secrets that were allegedly misappropriated.   Failure to properly plead this claim on or before **January 28, 2008**, will result in dismissal of this claim.

*Disgorgement - Count Twelve*

In response to Campus's motion to dismiss the disgorgement claim, plaintiff states only

---

(1) That person discovered the trade secret by improper means;
(2) That person's disclosure or use constitutes a breach of confidence reposed in that person by the other;
(3) That person learned the trade secret from a third person, and knew or should have known that (I) the information was a trade secret and (ii) that the trade secret had been appropriated under circumstances which violate the provisions of (1) or (2), above; or
(4) That person learned the information and knew or should have known that it was a trade secret and that its disclosure was made to that person by mistake.

that this claim "incorporates previous allegations of Campus' wrongdoing ...and meets the notice pleading requirement...."  (Doc. 60 at 10) Campus contends that this is tantamount to a failure to rebut the argument in support of dismissal.  Campus further argues that disgorgement is a remedy, not a claim.

Disgorgement is a form equitable relief.  It is clear from the complaint that the plaintiff is requesting disgorgement as a form of relief although he enumerates it as a separate claim.  At this stage in the litigation the court has not been presented sufficient legal citations or uncontested facts to determine whether this relief is available.

*Unjust Enrichment - Count Thirteen*

Campus maintains that plaintiff's unjust-enrichment claim fails to state a claim because plaintiff  "does not…claim it conferred a benefit.  Rather, Plaintiff claims that 'Defendants secured a benefit for themselves.'" (Doc. 49 at 19-20).  Campus further argues that "[p]laintiff has not alleged that it has no adequate remedy at law" and that "because Plaintiff's unjust enrichment claim is presumably predicated on the same set of allegations as its legal claims, an adequate remedy at law is shown and the unjust enrichment claim should be barred." (Doc. 49 at 20).

The Eleventh Circuit has explained  Florida's unjust enrichment claim as follows:

A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a "contract" as a matter of law. Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, "create" an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it. It derives, not from a "real" contract but a "quasi-contract." See Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So.2d 383, 386 (Fla.Dist.Ct.App.1997) (en banc). To succeed in a suit for unjust enrichment a plaintiff must prove that: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the

15

defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. See Greenfield v. Manor Care, Inc., 705 So.2d 926, 930-31 (Fla.Dist.Ct.App.1997), rev. denied, 717 So.2d 534 (Fla.1998).

Tooltrend, Inc. v. CMT Utensili, SRL , 198 F.3d 802, *805 (11th Cir.1999).

Count Thirteen of the complaint alleges that the defendants were "unjustly enriched" as a result of the actions outlined previously in the complaint.  (Doc. 29 at ¶ 86) The complaint also alleges that the "[d]efendants secured benefits for themselves and to the detriment of the Mitchell Company."  (Id. at ¶ 87)  The Court agrees with the defendants that the complaint fails to identify facts that would support that the plaintiff conferred a benefit, as contemplated by the law of unjust enrichment, on the defendants.  The complaint indicates that plaintiff paid money to certain companies, with which the defendants were associated, in exchange for real estate. This exchange was based on a contract.  "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."  Kovtan v. Frederiksen, 449 So. 2d 1, 1 (Fla. 2d DCA 1984); see also, Crossland Inv. Co., Inc. v. Rhodes  274 F.Supp.2d 1302, *1314-1315 (N.D.Fla.,2003).   Thus, because an express contract exists regarding the same subject matter, plaintiff cannot claim unjust enrichment.   Defendant Campus' motions to dismiss the unjust enrichment claim is GRANTED

      B.    *Defendant Edsel Matthews' Motion to Dismiss*

      *Fraud - Counts One, Two and Three*

Defendant Matthews moves to dismiss plaintiff's claims for fraud (intentional, willful, reckless, negligent and/or mistaken) suppression and conspiracy, on the grounds that plaintiff has failed to provide facts as to the time, place, contents, substance of any false representations

and/or omissions, or defendant Matthews' respective role in any alleged fraudulent scheme or conspiracy.  In the alternative, defendant moves the Court to order that plaintiff provide a more definite statement as to the claims it asserts against defendant.  (Doc. 46)  Matthews argues that plaintiff has not provided a specific factual basis for the claims and has failed to plead its claims for fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Defendant further notes that the claims against him are an exact replica of those against Campus as alleged in the original complaint and the complaint does not separate claims against Campus from those against Matthews and does not state the contents, time, place, manner, etc., of any fraudulent statement allegedly made by Matthews.  (Doc. 64 at 4-5)

    In opposition to the  motion, plaintiff contends that the complaint sets out the dates of the real estate transactions made the basis of plaintiff's claims, describes the events leading up to those transactions and outlines the role each of the defendants played in the alleged misconduct. (Doc. 60 at 2)

    The complaint alleges that Matthews, Mitchell's attorney, helped Campus and Young form the LLCs and acted as their registered agent, then represented both the LLCs and Mitchell at the real-estate closings, without disclosing either his relationship to the LLCs or Campus's interest in the transactions to Mitchell, to whom Matthews owed the fiduciary duties of a lawyer to his client (Id. at ¶¶ 2, 4, 8, 12-13, 18).

    The Court finds that Matthews argument fails for the reasons previously set forth herein as to defendant Campus' motion to dismiss relating to the fraud claims.  Accordingly, the motion to dismiss is DENIED.

    *Counts Four, Five and Six-  Breach of Fiduciary Duty, Negligence, Wantonness*

17

Matthews argues that plaintiff's complaint reflects the type of "shotgun pleading" the Eleventh Circuit has criticized.  Matthews further argues that the complaint merely recites the legal elements of these claims without supporting facts and fails to separate the claims asserted against Matthews and Campus.  (Doc. 64 at 8)

In opposition to the motion, plaintiff argues that the complaint outlines the transactions and Matthews role in those transactions, along with his allegedly negligent actions.  (Doc. 60 at 13)

A cause of action for negligence under Florida law requires proof of the following four elements: (1) negligence-duty of care; (2)  breach of that duty; (3) causation, and (4) damages.  Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla., 2001)

Counts Four, Five and Six of the complaint allege that Matthews "breach[ed] [ ] [his] fiduciary duty based upon [his] willful, reckless or negligent acts against the plaintiff" (Doc. 29 at ¶ 41-42).  The complaint also alleges that Matthews "owed the Plaintiff a duty to exercise reasonable care not to injure or damage it and/or to exercise such care as a reasonably prudent…attorney…would have exercised under the same or similar circumstances," and that Matthews breached this duty. (Id. at ¶¶ 46-47, 52-53).  Plaintiff further alleges that defendants Campus and Matthews "consciously and intentionally failed to discharge or perform the aforementioned duties owed to the Plaintiff knowing that Plaintiff would be injured as a proximate result of their actions."  (Id. at ¶ 53)

Plaintiff's allegations of negligence, wantonness and breach of fiduciary duty against defendant Matthews are sufficiently pled in combination with sufficient factual allegations to defeat defendant's motion to dismiss.  Accordingly, Matthews' motion to dismiss Counts Four,

Five and Six of the amended complaint is DENIED.

*Civil Conspiracy - Count Seven*

Matthews arguments in support of his motion to dismiss the civil conspiracy claim are identical to those espoused by defendant Campus.  Accordingly, for the reasons the Court has previously articulated herein as to this claim, Matthews motion to dismiss is likewise DENIED.

*Professional Negligence - Count Ten*

Matthews next argues that the complaint fails to provide defendant any notice as to what "advice," "professional judgment," or other conduct qualifies as a breach of the standard of care owed to Plaintiff and how this allegedly negligent conduct caused Plaintiff's economic injuries. (Doc. 64 at 10)  Matthews argues that the complaint fails to state the "scope, capacity, or even the nature of Matthews' employment."  (Id. at 8) Matthews argues that the plaintiff's allegations fail to provide any notice as to what duties might be triggered by defendant's representation of plaintiff or what conduct on defendant's part allegedly violated the standard of care applicable to his representation of plaintiff.  (Id. at 9)

A claim for legal malpractice contains the following elements: (1) attorney employment; (2) attorney's neglect of a reasonable duty, and (3) the negligence is a proximate cause of the loss to the client. Law Office of David J. Stern, P.A. v. Security Nat'l Service Corp., 2007 WL 1932251, *3 (Fla., July 5, 2007)

The complaint alleges that Matthews, "while representing The Mitchell Company [in these transactions], also represented defendants Campus and Young, or one of their controlled entities, and prepared the various purchase agreements for the properties," and further that Matthews "created and served as the registered agent for these various entities controlled by

19

Defendants Campus and Young without disclosing such representation to The Mitchell

Company" (Doc. 29 at ¶ 2). The complaint further alleges:

> 18. Defendant Matthews is an attorney licensed to practice in the State of Florida. Defendant Matthews has been retained by The Mitchell Company to represent it in various transactions. Simultaneously, Defendant Matthews was representing the Conspirators, Campus and Young without disclosing to The Mitchell Company that Defendant Matthews was in fact an attorney, or an agent for those individuals and companies. As counsel for The Mitchell Company, Defendant Matthews owed a duty to avoid conflicts of interest; to not commit fraud, suppression, concealment or make deliberate misrepresentations; to not engage in self-dealing; and to provide full disclosure of his relationship with the Conspirators, Campus and Young to allow the Mitchell Company to make an informed decision and retain independent counsel. Such actions denied The Mitchell Company its right to independent counsel, its ability to make informed decisions, the benefit of the exercise of professional judgment by an impartial attorney and counsel free from adverse interests and self-dealing. Further, any conflict waivers are null and void as they were obtained through fraud, without full disclosure and lacked The Mitchell Company's informed consent.

* * *

> 72. Defendant Matthews was at all times relevant to the matters contained herein counsel for The Mitchell Company in the various transactions complained of. Acting as counsel for The Mitchell Company, Defendant Mathews acted as follows:
>
> a) he negligently failed to disclose his prior relationships with Defendants Campus, Young, and the entities controlled and owned by them;
>
> b) he negligently failed to disclose his actual participation with Defendant Campus, Young and the entities controlled and owned by them;
>
> c) he negligently failed to render independent and honest advice to The Mitchell Company;
>
> d) he negligently deprived The Mitchell Company of the benefit of the exercise of professional judgment by an impartial attorney and counsel free from adverse interest and self-dealing;
>
> e) he negligently participated and facilitated the actions of Defendants Campus, Young and the entities they controlled to the detriment of The Mitchell Company.

20

73. Defendant Matthews knowingly participated in the commission of the above alleged actions in violation of the standard of care applicable to him as counsel for The Mitchell Company under the laws of the State of Florida.

(Doc. 29 at ¶ 18, 72-73).  Moreover, paragraph 74 alleges that plaintiff was damaged as a result of the actions of Matthews.

Taking plaintiff's allegations as true, the Court finds that under <u>Twombly</u>, the allegations are sufficient to defeat defendant's motion to dismiss.  Accordingly, Matthews' motion to dismiss as to Count Eleven is DENIED.

*Disgorgement and Unjust Enrichment - Counts Twelve and Thirteen*

Matthews advances the same arguments made by Campus in support of the motion to dismiss Counts Twelve and Thirteen.  For the reasons previously set out by the Court on Campus' motion to dismiss, Matthews' motion to dismiss the disgorgement request is DENIED. As to the unjust enrichment claim, Matthews also had an express contract with the plaintiff to provide legal services; thus, plaintiff cannot state an unjust enrichment claim based on actions of Matthews.  Accordingly, the motion to dismiss the unjust enrichment claim is GRANTED.

C.      *Defendants' Campus & Matthews Motion for More Definite Statement*

In the alternative to their respective motions to dismiss, defendants Campus and Matthews move the Court for an order directing plaintiff to provide a more definite statement of its' claim.  (Docs. 46, 49)

As to defendant Campus, plaintiff argues that since Campus filed a response to the complaint he cannot now argue that the complaint is "so vague or ambiguous that [it] [ ]cannot reasonably be required to frame a responsive pleading."  (<u>Id.</u>)  Plaintiff contends that there is no basis for such a request but states that should the Court question the sufficiency of the complaint,

Mitchell should be afforded the opportunity to further amend the complaint.  (Doc. 60 at 19)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... [and][e]ach claim found upon a separate transaction or occurrence ... shall be stated in a separate count." Fed.R.Civ.P. 10(b). Although we construe them liberally, pro se complaints also must comply with the procedural rules that govern pleadings. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).  The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir.2001).  The Eleventh Circuit Court of Appeals has explained that, because "shotgun" pleadings present an unfair burden on a defendant, the plaintiff should be required to provide a more definite statement of his complaint:

> [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint ... is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where ... the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir.1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

 Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir.1996)
(footnote omitted).

The threshold of sufficiency for a complaint to satisfy Fed. R. Civ. P. 8 is "exceedingly
low." Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development
Corp., S.A., 711 F.2d 989, 995 (11th Cir.1983).   Thus, plaintiff is not required to plead his claim
with a great deal of specificity.  See In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th
Cir.1995) ("For better or for worse, the Federal Rules of Civil Procedure do not permit district
courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.");
Quality Foods de Centro America, S.A., 711 F.2d at 995 ("[T]he alleged facts need not be
spelled out with exactitude, nor must recovery appear imminent.")   Upon consideration, the
Court finds that plaintiff's amended complaint meets the liberal pleading requirements of Fed. R.
Civ. P. 8(a) except for the claim regarding the disclosure of trade secrets.  See supra at p. 13.
Accordingly, defendants' Campus and Matthews' motions for a more definite statement are
DENIED as to all claims except Count Eleven.

     D.     *Defendant Young's Motion to Dismiss*

          1.     *Lack of personal jurisdiction*

Young moves to dismiss the complaint in its entirety on the grounds that this Court lacks
personal jurisdiction.  (Doc. 50)  Young contends that the only jurisdictional fact in the
Complaint pertaining to Mr. Young is that he is a resident of Florida.  Defendant further
maintains that there are no allegations of any specific contacts between Young and Alabama and
no allegation that plaintiff was wronged in Alabama, which is necessary to make out a prima
facie case of personal jurisdiction.  Defendant acknowledges that there is an allegation of

conspiracy, ie., that he conspired with defendants Campus and Mathews to defraud plaintiff. However, defendant contends that the allegation of conspiracy in this case is speculative, conclusory and unsubstantiated and plaintiff has not detailed the conspiracy or alleged that there were overt acts within the forum taken in furtherance of a conspiracy.

Plaintiff retorts that Young has failed to submit any affidavit or other evidence showing that he lacks sufficient contacts with Alabama.  (Doc. 60 at 16)  Specifically, plaintiff states that the complaint alleges that Young "converted a substantial portion of the properties' value to [his] own economic advantage" and that Campus and Young misappropriated plaintiff's trade secrets to their benefit and to plaintiff's detriment, and that Young conspired with the other defendants to defraud The Mitchell Company.  (Id.) Plaintiff notes that it is an Alabama corporation headquartered in Alabama, and it suffered the loss in this state and "[t]hese are sufficient minimum contacts with this state for personal jurisdiction [such that] Young could reasonably anticipate being haled into court here, and it is fair and reasonable to require him to defend here."  (Id.) Plaintiff further maintains that Young is subject to personal jurisdiction since it is alleged that he is a co-conspirator with Campus concerning fraud in connection with sales of real estate in Alabama to plaintiff, an Alabama corporation.  (Id. at 17)

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." Meier v. Sun International Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002). "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." Future Technology Today, Inc., v. OSF Healthcare Systems, Inc., 218 F.3d 1247, 1249 (11th Cir. 2000). "A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the

state in which it sits...." <u>Meier</u>, 288 F.3d at 1269.

In determining whether it can exercise personal jurisdiction over a non-resident defendant, district courts follow a two-pronged analysis. <u>See Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990). Initially, the court must determine whether the state's long arm statute applies and provides personal jurisdiction over the defendant. Rule 4.2 of the Alabama Rules of Civil Procedure sets forth specific "requirements for [the exercise of] personal jurisdiction over a nonresident defendant." <u>Murray v. Alfab, Inc</u>., 601 So.2d 878, 883 (Ala.1992); Ala. R. Civ. P. 4(a)(2). Alabama's long arm statute, Rule 4.2 of the Alabama Rules of Civil Procedure, states, in pertinent part:

> "(2) *Sufficient Contacts.* A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
> "(A) transacting any business in this state; "
> "(B) contracting to supply services or goods in this state; "....
> "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."

Ala. R. Civ. Pro. 4.2.

Regarding Alabama's long arm statute,[10] the Alabama Supreme Court recently held:

> [Alabama's long-arm statute] extends the personal jurisdiction of Alabama courts to the limit of due process under the federal and state constitutions. <u>Sieber [v. Campbell</u>, 810 So.2d 641 (Ala.2001)]. <u>See also World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Duke [v. Young, 496 So.2d 37 (Ala.1986)]; <u>Brooks v. Inlow</u>, 453 So.2d 349 (Ala.1984);

---

[10] The Court notes that Ala. R. Civ. P. 4.2 has been amended effective August 1, 2004, however, this amendment has no effect on the motions currently under submission.

and Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 144-146 (Ala.1983). 'A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident.' Sieber, 810 So.2d at 644. See also Sudduth [v. Howard], 646 So.2d [664] at 667 [ (Ala.1994) ].

" 'What is required is that the out-of-state resident have "some minimum contacts with this state [so that], under the circumstances, *it is fair and reasonable to require the person to come to this state to defend an action.*" Rule 4.2(a)(2)(I), Ala. R. Civ. P. [(Emphasis added.) ]

" ' [D]ue process requires only that in order to subject a defendant to a judgment in
personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " ' McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)....

" ' A relevant factor in a due process analysis is *whether the defendant should have reasonably anticipated that he would be sued in the forum state.* [(Emphasis added.) ] In Dillon Equities [v. Palmer & Cay, Inc., 501 So.2d 459, 462 (Ala.1986)], this Court, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), noted:

" ' The foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum state are such that *he should reasonably anticipate being haled into court there.*" (Citations omitted.) [ (Emphasis added.) ]' "'

"Sudduth, 646 So.2d at 667 (quoting Knowles v. Modglin, 553 So.2d 563, 565-66 (Ala.1989))." Ex parte McInnis, 820 So.2d 795, 802-03 (Ala.2001) (quoting Sudduth v. Howard, 646 So.2d 664, 667 (Ala.1994)).

Ex parte Alloy Wheels Intern., Ltd., 882 So. 2d 819, 822-23 (Ala. 2003).

As noted above, in Alabama, courts are permitted to exercise personal jurisdiction over

nonresidents "to the fullest extent allowed under the Due Process Clause of the Fourteenth

Amendment to the Constitution." Id. See also Ruiz de Molina v. Merritt & Furman Ins. Agency,

Inc., 207 F.3d 1351, 1355-56 (11th Cir. 2000)(citing Ala.R.Civ.P. 4.2(a)(2)(I)); Exparte Paul

Maclean Land Services, Inc., 613 So. 2d 1284, 1286 (Ala. 1993)(holding that the Alabama long arm statute "extends the jurisdiction of the Alabama courts to the permissible limits of due process").

      After determining whether the requirements of Ala. R. Civ. P. 4.2 are satisfied, the court must then look to determine whether the defendant has "sufficient minimum contacts" with "the forum state" such that the requirements of the Due Process Clause of the Fourteenth Amendment are met. Madara, 916 F.2d at 1513-1514; Meier, 288 F.3d at 1274 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)) (Due process standards require that a nonresident defendant "have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.") The Eleventh Circuit has held that this second prong is satisfied if it is shown that the defendant had sufficient minimum contacts with the forum state and that the suit would not "offend traditional notions of fair play and substantial justice." Madara, 916 F.2d at 1516. Jurisdiction may be either general or specific. "General jurisdiction applies where a defendant's activities in the forum state are 'substantial' or 'continuous and systematic,' regardless of whether those activities gave rise to the lawsuit.... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala.1998). Regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of " 'an action of the defendant [that was] purposefully directed toward the forum State.' " Elliott v. VanKleef, 830 So.2d 726, 731 (Ala. 2002) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "This purposeful-

availment requirement assures that a defendant will not be haled into a jurisdiction as a result of ' "the unilateral activity of another person or a third person." ' " <u>Elliott</u>, 830 So.2d at 731 (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Again, while "[a] physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident," <u>Sieber v. Campbell</u>, 810 So.2d 641, 644 (Ala.2001) the defendant must have sufficient contacts with Alabama that it " 'should reasonably anticipate being haled into court [here].' " <u>Dillon Equities v. Palmer & Cay, Inc</u>.,501 So.2d 459, 462 (Ala.1986) (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).   "Alabama courts have recognized and adopted the conspiracy theory of personal jurisdiction.  However, it is well established in Alabama that a plaintiff cannot establish personal jurisdiction under a conspiracy theory unless the plaintiff "plead[s] with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." <u>Prof' Locate and Recovery, Inc. v. Primer, Inc</u>., 2007 WL 1624792, *2 (S.D. Ala. June 4, 2007) (slip opinion) (internal citations omitted).

The complaint alleges that Young , in concert with Campus and Matthews, purchased  at least two properties in Alabama for the purpose of selling the land to The Mitchell Company, an Alabama corporation, in a "land flip" transaction.  The complaint identifies the properties at issue, the date of the alleged conspiratorial conduct, as well as the specifics of the conspiratorial conduct.  Moreover, plaintiff alleges that Young was charged with obtaining financing for the initial purchase of the property by the defendants or their limited liability companies.  Based on the allegations contained in the complaint, defendant Young "should reasonably anticipate being haled into court" in Alabama based on his alleged conduct in this state.  Accordingly,

defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

### 2.     *Failure to State a Claim*

*Fraud - Counts One, Two and Three*

In the alternative, Young moves to dismiss the claims alleged against him on the grounds, in sum, that they fail to state a claim upon which relief may be granted.  (Doc. 50 at 5)   As to the fraud claims (Counts One, Two and Three) Young argues (as did Campus and Matthews) that plaintiff has failed to meet the pleading requirement under Fed. R. Civ. P. 9(b).  (Id.) Specifically, Young argues that plaintiff has alleged no misrepresentation or suppression on his part, nor has plaintiff alleged any special relationship between itself and Young.  (Id. at 7)

The complaint alleges that Young, in concert with Matthews and Campus "implemented a scheme, course and conspiracy of fraudulent acts in order to deceive plaintiff."  (Doc. 29 at ¶ 28) The complaint also alleges that "[d]efendant Young used the inside information provided by [d]efendant Campus to conspire with and participate in the purchase of the properties recommended by [d]efendant Campus to be purchased by The Mitchell Company" [and] ...conspired to "flip" real estate to The Mitchell Company for a substantial personal profit."  (Id. at ¶ 9)  Further, the complaint alleged that "[d]efendant Young conspired with [d]efendants Matthews and Campus to acquire real estate they each knew The Mitchell Company would purchase based on [d]efendant Campus' inside knowledge of company trade secrets and strategic information."  (Id. at ¶ 19)

The Court finds these allegations sufficient to defeat defendant's motion to dismiss. Accordingly, for the reasons previously set out by the Court in denying defendant Campus' motion to dismiss plaintiff's fraud claims (Counts One, Two and Three), Young's motion to

dismiss is likewise DENIED.

*Civil Conspiracy -Count Seven*

Young's arguments in support of his motion to dismiss the civil conspiracy claim mirror those espoused by defendant Campus in support of his motion to dismiss.  Accordingly, for the reasons the Court has previously articulated herein as to this claim, Young's motion to dismiss Count Seven of the complaint is likewise DENIED.

*Conversion -Count Eight*

The Court has previously concluded that plaintiff's allegations are insufficient to state a claim for conversion against defendant Campus.  Those allegations are likewise insufficient to state a claim against defendant Young.  Accordingly, Young's motion to dismiss Count Eight of the complaint is GRANTED.

*Misappropriation of Trade Secrets - Count Eleven*

The Court has granted plaintiff leave to amend this count under Florida law.

*Disgorgement - Count Twelve*

For the reasons previously set out in defendants' Campus and Matthews' motions to dismiss, the Court concludes that Young's motion to dismiss is likewise due to be DENIED.

*Unjust Enrichment -Count Thirteen*

The Court has previously concluded that plaintiff's allegations are insufficient to state a claim for unjust enrichment against defendants Campus.  Those allegations are likewise insufficient to state a claim against defendant Young.  Accordingly, Young's motion to dismiss Count Thirteen of the complaint is GRANTED.

V.    Conclusion

Based on the foregoing, defendants Campus and Young's respective motions to dismiss are DENIED as to Counts One, Two, Three, Seven and Twelve and GRANTED as to Counts Eight and Thirteen.  Defendant Matthews motion to dismiss is DENIED as to Counts One, Two, Three, Four, Five, Six, Seven, Ten and Twelve and GRANTED as to Count Thirteen.  Further, defendants Campus and Young's motion for more definite statement is GRANTED as to Count Eleven (misappropriation of trade secrets) and DENIED as to the remaining counts in the complaint.  Plaintiff is given leave until **January 28, 2008** to replead Count Eleven as directed *supra*.

DONE this the 16th day of January, 2008.

 s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**