IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE MITCHELL COMPANY, INC., )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>JOSEPH J. CAMPUS III, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO 07-0177-KD-C |

**ORDER**

    This matter is before the Court on Defendant Campus' motion for sanctions (Doc. 269) and Plaintiff's objection in response (Doc. 274); and the Magistrate Judge's Report and Recommendation (Doc. 275), Plaintiff's objection (Doc. 278, 279), and Defendant Campus' objection (Doc. 280).

    On August 11, 2009, Defendant Campus moved for the sanction of dismissal with prejudice in this case. (Doc. 269). Campus alleged that dismissal was appropriate because the Plaintiff had violated the Court's previous order requiring that Plaintiff return (to Campus) his personal documents (which they had obtained from his office), and directing the Plaintiff from making any use of such documents unless they were subsequently acquired during the course of discovery. The Magistrate Judge recommended, for those reasons explained in the Report and Recommendation, that the portion of Defendant Campus' motion for sanctions seeking dismissal with prejudice be denied, but that the portion of the motion seeking attorneys' fees incurred for filing the motion itself be granted. (Doc. 275).

    After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objections are made (Docs. 278, 279, 280), the facts and findings related to imposing the sanction

of dismissal as set forth in the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated September 4, 2009, are hereby **ADOPTED** as the findings of this Court.  Accordingly, Defendant Campus' motion to impose the sanction of dismissal (Doc. 269) is **DENIED.**

In so ruling, however, the Court notes that the Magistrate Judge also concluded that "[n]evertheless, such attorney negligence/inadvertence and the loose testimony given by an agent of plaintiff, despite the clear directives of this Court, has multiplied the litigation in this lawsuit and necessitates the imposition of sanctions."  (Doc. 275 at 17).  The report then recommends, presumably pursuant to the Court's inherent power to manage its docket, that the Court should order the payment of attorneys' fees associated with the filing of the motion and the production of the notebook which contained the offending document.  (Id. at 10-12, 17-18).  The Plaintiff objects to this recommendation based on the Eleventh Circuit's instruction that "[t]o exercise its inherent power [to sanction] a court must find that the party acted in bad faith[]" Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002), and no bad faith finding was made by the Magistrate Judge.

The undersigned agrees that the Magistrate Judge did not make the required finding of bad faith.  Moreover, based on the record, the Court does not find bad faith on the part of the Plaintiff or Plaintiff's counsel.  Accordingly, sanctions pursuant to the Court's inherent authority are not allowed.

However, the Court believes the Magistrate Judge's recommendation to be a fair resolution to the issue.  Unfortunately, the Court appears to be without any power to impose the proposed resolution concerning attorneys' fees.  Federal Rule of Civil Procedure 37(b) allows for sanctions

to be imposed for discovery order violations. However, the Court's consideration of the imposition of attorneys' fees pursuant to FED.R.CIV.P. 37(b) is foreclosed by Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1323 (11th Cir. 2001), wherein the Court held that a "protective order is not 'an order to provide or permit discovery'" as required to invoke sanctions under Rule 37(b)(2). The order at issue, prohibiting the use by Plaintiff of personal documents obtained from Defendant Campus' office, was in the nature of a protective order and thus sanctions cannot be imposed under Rule 37(b).

Accordingly, the Court **DENIES** Defendants' motion *in toto*. However, the Court regards Plaintiff's violations of the "prohibition order" very seriously. Thus, should another violation of the "prohibition order" occur in this case, a finding of bad faith would likely be warranted.

The parties are further **ORDERED**, pursuant to the Magistrate Judge's instructions in the report, to tender to the attorneys for Campus the notebook referenced in the Magistrate Judge's Report and Recommendation.

**DONE** and **ORDERED** this the **23rd** day of **September 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**